IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 10, 2002

## RUSSELL WELLINGTON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Davidson County**
**No. 01C-376      Hamilton V. Gayden, Judge**

**No. M2002-01090-COA-R3-CV - Filed May 27, 2003**

Inmate appeals the trial court's order dismissing his lawsuit for failure to prosecute. Because the State had been granted a transfer of this case from the Claims Commission for the purpose of consolidating it with another case pending in the trial court, but took the position in this appeal that no consolidation had occurred, we vacate the dismissal and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

Russell Wellington, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Pamela S. Lorch, Assistant Attorney General, for appellee, State of Tennessee.

### OPINION

In this appeal, Russell Wellington, a *pro se* inmate in the custody of the Department of Correction, appeals the order of the trial court dismissing his lawsuit for failure to prosecute.

On February 5, 1998, Mr. Wellington filed a Notice of Appeal to the Claims Commission from the denial of his claim for damages by the Tennessee Division of Claims Administration. Specifically, Mr. Wellington alleged that he was beaten, sprayed with pepper gas, and left outside in the cold weather for over an hour by the first shift inmate workers at Riverbend Maximum Security Correctional Facility in Nashville and then denied medical treatment for his injuries. Mr. Wellington alleged that these actions violated the duty of care owed him by the State and sought damages in the amount of $15,000; $3,000, against each of the individuals named as defendants,

and $3,000, against the State.[1]

The matter was set on the Commission's Small Claims Docket.[2]  On February 18, 1998, Mr. Wellington petitioned the Commission to transfer the matter to Davidson County Chancery Court due to a pending matter there, arising from the same facts.[3]  On April 14, 1998,  Claims

---

[1]Mr. Wellington amended his claim to add an assault claim against the individual officers under 28 U.S.C.A. § 1983.

[2]Tenn Code Ann. § 9-8-403 provides, in pertinent part, as follows:

(a).     The [Claims] commission shall maintain two (2) separate dockets [regular and small ]. . .

(2).     **A small claims docket** consisting of claims satisfying the monetary limits applicable to the general sessions court of Davidson County. . .These proceedings shall be conducted pursuant to rules and regulations promulgated by the commission.  If a claimant consents to having the claimant's claim proceed upon affidavits filed with the commission without a hearing, **the state shall be deemed to have waived a hearing on the claim unless the state requests a hearing within sixty (60) days after the claim is filed with**, or transferred to, the commission.  No appeal may be taken from a commissioner's decision regarding claims appearing on the small claims docket.

(c).     At the discretion of either party at any time **prior to a hearing**, a claim may be removed from the small claims docket to the regular docket.  Once removed, the claim shall be treated like any other claim on the regular docket.

(emphasis added).

[3]The pending case is *Wellington v. Ledford* (Davidson County Circuit Court No.00C-3405).  We previously affirmed the dismissal of the warden and of the guard who allegedly failed to provide timely medical help, but reversed as to the five remaining defendants and remanded the case to Davidson County Chancery Court with instructions to transfer the case to Davidson County Circuit Court . *Wellington v. Ledford*, No. 01-A-01-9807-CH00363, 1999 WL 499776 (Tenn. Ct. App. July 16,1999) (perm. to appeal denied Feb. 14, 2000).  Specifically, we found that Mr. Wellington had stated a claim for possible violation of the Eight Amendment prohibition against cruel and unusual punishment (as well as the parallel prohibition in Article I, § 17 of the Tennessee Constitution).  If proven, his allegations could support a judgment under 42 U.S.C. § 1983 for deprivation of constitutional rights under color of law.

In *Ledford*, the State unsuccessfully argued that Mr. Wellington had waived his § 1983 claims by virtue of filing the instant Claims Commission case.  We noted that:

The legislature enacted Tenn. Code Ann § 9-8-307(b) to avoid the danger of inconsistent or duplicative judgments in different tribunals, not to create a trap or hinder or delay the diligent *pro se* plaintiff. In the present case [*Ledford*], it is apparent to us that the circuit court is the most appropriate forum for dealing with the alleged assault by the five guards. **The allegedly negligent conduct by other Department employees, all of which occurred either before and after the alleged assault, is better addressed by the Claims Commission, which while granting immunity to the negligent employee, makes the State answer in damages for her negligence.**

Commissioner Baker denied the transfer request.[4]

On October 27, 2000, ALJ Marion Wall[5] found the State liable for failing to provide timely medical and dental care to Mr. Wellington and awarded him $3,000, in damages. The ALJ found that:

> [T]he record as it now exists, [consists of] a sworn pleading stating that the Claimant was assaulted, beaten and sprayed with a chemical agent by four State employees. It is further averred that these four and the next shift failed to provide medical care. It is further averred that Claimant suffered dental damage, and continues to suffer pain from this incident as a result of the failure of the State to render dental care . . . . While some of the complaint alleges an intentional tort, that is, the assault, negligence is specifically alleged. There is no countervailing proof in this record, the "answers" to the interrogatories being sworn to by, effectively, no one. **The State did not request a hearing pursuant to T.C.A. § 9-8-403(a)(2).** Therefore, the State having chosen to file nothing contesting the sworn allegations despite three letters,[6] the proof is uncontroverted. Pursuant to T.C.A. § 9-8-307(E), the State is liable for the negligent care, custody and control of persons. Based on the negligence of the State in failing to provide timely medical and dental care it is ORDERED that the Claimant receive the sum of three thousand ($3,000.00), the amount requested from the State.
>
> [T]he claims against the four named individuals be dismissed for want of jurisdiction[7] unless a motion to transfer this matter to Circuit Court is received within thirty days of this Order. **If such motion is made and granted, the judgment in this matter will be vacated, and the entire proceeding transferred.**

(emphasis added).

---

1999 WL 499776, at *7 (emphasis added).

[4]Commissioner Baker commented that "[t]his Commission is unwilling to transfer this claim to Davidson County Chancery Court, when it appears that whatever proceedings (*Ledford*) may have already started there are not in the appropriate Court. It seems useless to transfer this claim **unless it is to be consolidated** for trial with another action already pending in that Court" (emphasis added).

[5]On October 27, 1998, citing docket congestion, Claims Commissioner Baker transferred the matter to the Administrative Procedures Division of the Secretary of State.

[6]The ALJ states that she wrote letters to the parties on three separate dates, inquiring about the status of the matter. These letters were not included in the record.

[7] On November 9, 1999, the ALJ entered a separate order dismissing Mr. Wellington's 42 U.S.C.A.§ 1983 claim since the Claims Commission lacked jurisdiction to hear the civil rights claim against individual employees.

On November 13, 2000, the State filed a Motion to Transfer the matter to Davidson County Circuit Court.[8] Mr. Wellington objected to the transfer maintaining that the claims of negligent conduct were properly before the Claims Commission. During a conference call between the parties and the ALJ, Mr. Wellington argued against transfer, and a discussion ensued regarding the pending case in Circuit Court. At this point, the ALJ took the matter under advisement.

On December 29, 2000, the State filed a Motion to Supplement its transfer request. Interestingly, the State began its motion with the following explanation:

> The defendant respectfully requests that the Court transfer this claim to the Circuit Court to be **consolidated with the case pending** in said Court so that this case can be decided on the merits. The defendant contests Mr. Wellington's claim that it was negligent in its provision of medical care and seeks a hearing on the merits of case.[9]

(emphasis added). Alternatively, if the transfer were denied, the State requested that the matter be moved to the regular docket of the Claims Commission at the Riverbend Maximum Security Institution and set for a hearing in February, 2001.

On January 4, 2001, the ALJ vacated her prior order awarding $3,000 to Mr. Wellington and ordered the entire matter transferred to Davidson County Circuit Court pursuant to Tenn. Code Ann. § 9-8-404(a) & (b), where "an action is now pending based on the same incident that is the basis for the instant claim."

On March 4, 2002, a Notice by the Davidson County Circuit Court Clerk advised Mr. Wellington that this case would be dismissed for failure to prosecute if he failed to either file a motion to set the matter for trial within thirty days or seek permission to be exempted from the one (1) year rule. Mr. Wellington filed no response within the required thirty days. On April 17, 2002, the trial court entered an Order of Dismissal pursuant to Local Rule § 18.02.

On May 6, 2002, Mr. Wellington filed a Tenn. R. Civ. P. 60 Motion for Relief from the dismissal order. As grounds for the motion, Mr. Wellington stated that the matter had been consolidated with Davidson County Circuit Court No. 01C-376 (*Ledford*), and that it was not

---

[8]Despite the language in *Ledford* regarding the negligent conduct claims being better addressed by the Claims Commission, the State moved the ALJ to transfer the instant case to Davidson Circuit on November 12, 2000, for the purpose of consolidation with *Ledford*.

[9]We note the State had waived a hearing before the Commission by not requesting one within the time provided.

"dormant."[10]  His motion specifically alleges that "on April 26, 2001, this Court granted the defendants' motion to consolidate the above entitled case with case number 00C-3405 [the *Ledford* case]." Mr. Wellington explained he had filed a motion for summary judgment that had been pending for over a year in the consolidated *Ledford* case and that "if there is a lack of prosecution it certainly is not on the behalf of the plaintiff." In his motion, Mr. Wellington also observed that the case at issue was transferred from the Claims Commission where it was "better addressed" because it involved a claim of negligence.

The record indicates that the State did not respond to Mr. Wellington's Rule 60 motion and the trial court did not rule on it, presumably because on May 7, 2002, Mr. Wellington filed his Notice of Appeal.

## I. The Dismissal

With the respect to the consolidation with *Ledford* in Davidson County Circuit, the record before us does not include a consolidation order. Mr. Wellington maintains that the instant case was consolidated with *Ledford*, specifically referring to the order by date. The State maintains in its brief that the two cases have not been consolidated in spite of the fact that the State requested the transfer for the express purpose of consolidating the matter with *Ledford*. Indeed, the transfer was granted for the purpose and in expectation of consolidation.[11] The transfer statute itself allows the Commission to transfer a claim if it finds such transfer is required for a fair and complete resolution of all claims and only where there are other tort claims arising out of the same fact situation "where much of the evidence to be presented would be admissible against the state and one or more additional defendants." Tenn. Code Ann. § 9-8-404(b). By its motion and supporting memorandum, the State took the position this was the situation.

Having requested the transfer of this claim for the purpose of consolidating it with *Ledford*, the State was obligated to seek that consolidation. The record does not reflect that a motion to consolidate was filed, and the State's position in this appeal implies it was not filed.[12]

---

[10]On appeal, Mr. Wellington states that he never received notice of the pending dismissal order. In his response filed with this Court July 29, 2002, Mr. Wellington states that "during the month of March of the year 2002, he did not receive any legal mail from the Circuit Court, especially no notice in connection with the case no. 01376." In support, Mr. Wellington submits Exhibit 1 to his response highlighting his incoming legal mail log for March 2002. This argument and supporting documentation were apparently not presented to the trial court and, consequently, we cannot consider it on appeal.

[11]ALJ Wall provided in her order of transfer entered February 6, 2001, in Davidson County Circuit Court that "A motion to transfer this matter was filed by the State within thirty days. It requested that this matter be transferred pursuant to T.C.A. § 9-8-404(a) & (b) to the Circuit Court of Davidson County, where an action is now pending based upon the same incident that is the basis for the instant claim."

[12]In its brief herein, the State merely states, "The First Circuit Court has not consolidated the case with *Wellington v. Ledford*, Doc. No. 00C-3405." It does not claim that any motion to consolidate was filed. If such motion was filed and was pending at the time of the notice of dismissal, plaintiff would not be properly chargeable

Because it was the obligation of the State to seek consolidation, as it represented to the Commission would happen, we conclude that any lack of action in the transferred lawsuit was attributable to the State, not to Mr. Wellington. Under the transfer statute, if a transferred claim is not consolidated for trial the claim shall be transferred back to the commission. Tenn. Code Ann. § 9-8-404(b) (emphasis added). Thus, from Mr. Wellington's perspective, the State's failure to act to consolidate the cases should cause the same result he originally sought in opposing the transfer.

The State essentially argues that because Mr. Wellington failed to either set the case for trial or move for exemption from dismissal within the thirty days set by the court's notice, dismissal was justified under Tenn. R. Civ. P. 41.02. That argument ignores the State's responsibility to consolidate the cases and the statute requiring transfer back to the Claims Commission if there is no consolidation. Although Mr. Wellington timely filed a Tenn. R. Civ. P. motion to set aside the dismissal, he filed a notice of appeal before the trial court could rule on the motion.

We vacate the trial court's dismissal for failure to prosecute. We remand to the trial court for a determination of whether the case should be transferred back to the Claims Commission pursuant to Tenn. Code Ann. § 9-8-404(b) or, if an appropriate motion has been or is filed, whether the case should be consolidated with *Wellington v. Ledford*, Davidson County Circuit Court No.00C-3405, which the parties assert is pending. Included in that determination should be a consideration of the validity of the transfer, the other issue raised in Mr. Wellington's brief. Mr. Wellington should be given the opportunity to move to dismiss this action on the ground the Commission lacked authority to transfer his claim after a decision on the merits under the small claims docket rules. Because the trial court was never given the opportunity to consider these issues, we consider it appropriate for remand rather than a decision by this court on the basis of the record herein.

Costs of this appeal are taxed to the appellee, the State of Tennessee.

_____
PATRICIA J. COTTRELL, JUDGE

---

with failure to prosecute.